IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL ABNER,

        Plaintiff,                    No. 2:11-cv-0869 KJN P

    vs.

A. NANGALAMA, et al.,

        Defendants.          <u>ORDER</u>

                           /

        Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

1  make monthly payments of twenty percent of the preceding month's income credited to
2  plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to
3  the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing
4  fee is paid in full.  28 U.S.C. § 1915(b)(2).

5  The court is required to screen complaints brought by prisoners seeking relief
6  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
7  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
9  granted, or that seek monetary relief from a defendant who is immune from such relief.
10 28 U.S.C. § 1915A(b)(1),(2).

11 A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
12 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
13 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
14 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
15 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
16 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
17 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
18 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably
19 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
20 1227.

21 Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
22 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
23 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
24 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
25 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more
26 than "a formulaic recitation of the elements of a cause of action;" it must contain factual

allegations sufficient "to raise a right to relief above the speculative level." Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff names five individuals as defendants, and alleges defendants were deliberately indifferent to plaintiff's serious medical needs based on their failure to prescribe plaintiff Tramadol, or to ensure that plaintiff was prescribed Tramadol in response to plaintiff's administrative appeals.  Plaintiff alleges he suffers right knee pain.

Initially, plaintiff is advised that prisoners have no stand-alone due process rights related to the administrative grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process).  Put another way, prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner.  Because there is no right to any particular grievance process, plaintiff cannot state a cognizable civil rights claim for a violation of his due process rights based on allegations that prison officials ignored or failed to properly process grievances. See, e.g., Wright v. Shannon, 2010 WL 445203 at *5 (E.D. Cal. Feb.2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, 2009 WL 5088788 at *6-7 (E.D. Cal. Dec.17, 2009) (plaintiff's allegations that prison officials failed to timely process his inmate appeals failed to a state cognizable under the Fourteenth Amendment).

////

1    Plaintiff had arthroscopic knee surgery and shoulder surgery in October of 2008.
2 Plaintiff alleges that defendant Nangalama, plaintiff's primary care physician, is deliberately
3 indifferent to plaintiff's serious medical needs because defendant Nangalama refuses to prescribe
4 plaintiff Tramadol for plaintiff's right knee pain. Plaintiff also contends that defendants Duc,
5 Deems, and Gray were deliberately indifferent to plaintiff's serious medical needs during their
6 roles in the administrative grievance process because each of these defendants failed to ensure
7 that plaintiff received Tramadol as ordered by defendant Gray on May 9, 2009, at the second
8 level review. Finally, plaintiff alleges that on one occasion, defendant Ma failed to treat
9 plaintiff's complaints of knee pain, but rather rescheduled plaintiff to a later doctor's visit. (Dkt.
10 No. 1 at 7.)

11    To state a section 1983 claim for a constitutional violation based on inadequate
12 medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate
13 indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail,
14 plaintiff must show both that his medical needs were objectively serious, and that defendant
15 possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 297-99 (1991);
16 McKinney v. Anderson, 959 F.2d 853, 854 (9th Cir. 1992). A serious medical need is one that
17 significantly affects an individual's daily activities, an injury or condition a reasonable doctor or
18 patient would find worthy of comment or treatment, or the existence of chronic and substantial
19 pain. See, e.g., McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other
20 grounds by WMX Techs. v. Miller, 104 F.2d 1133, 1136 (9th Cir.1997) (en banc).

21    Deliberate indifference may be shown by the denial, delay or intentional
22 interference with medical treatment or by the way in which medical care is provided. Hutchinson
23 v. United States, 838 F.2d 390, 394 (9th Cir. 1988). To act with deliberate indifference, a prison
24 official must both be aware of facts from which the inference could be drawn that a substantial
25 risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S.
26 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of

4

serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842. A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id. Deliberate indifference in the medical context may also be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

However, it is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). It is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

First, plaintiff appears to allege that defendants Duc, Deems and Gray were deliberately indifferent to plaintiff's serious medical needs because each failed to ensure that defendant Gray's May 5, 2009 prescription for Tramadol, written in response to plaintiff's second level administrative appeal, was filled. Plaintiff provided copies of the administrative appeals submitted on this issue.[1] Review of the administrative appeals reflect that defendant Gray failed to complete the nonformulary prescription request to facilitate his initial prescription

---

[1] Exhibits appended to a complaint are a part thereof for all purposes. See Fed. R. Civ. P. 10(c).

5

1  for Tramadol (dkt. no. 1 at 14), and "the rationale for prescribing Tramadol was not clear." (Dkt.
2  No. 1 at 29.) Moreover, the administrative appeals reveal that plaintiff was seen by Dr. Casey in
3  March of 2009, after plaintiff's arthroscopic knee surgery, and Dr. Casey advised that plaintiff
4  should receive Motrin, 800 mg, twice a day for pain. (Dkt. No. 1 at 29; 33.) Plaintiff was also
5  seen by defendant Ma on September 24, 2009, who advised plaintiff that Tramadol was not
6  indicated since plaintiff was already receiving Methadone for pain. (Id.) The administrative
7  appeals reveal that plaintiff's primary care physician, responsible for the ongoing treatment of
8  plaintiff, determined that because plaintiff was prescribed Methadone, plaintiff did not require a
9  prescription of Tramadol. Thus, plaintiff's claim that defendants Duc, Deems and Gray failed to
10 ensure defendant Gray's prescription for Tramadol was not ordered, does not constitute an Eighth
11 Amendment violation because it is based on a difference of opinion as to medical treatment.
12 Differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth
13 Amendment violation. Jackson v. McIntosh, 90 F.3d at 332. Thus, plaintiff should not renew
14 this claim in any amended complaint.
15         Moreover, to the extent plaintiff argues that defendants Duc, Deems or Gray were
16 negligent based on their actions, or failures to act, in response to plaintiff's administrative
17 appeals, plaintiff is advised that negligence does not constitute an Eighth Amendment violation.
18         Second, plaintiff fails to state a claim as to defendant Nangalama. The facts as
19 alleged by plaintiff, and supported by the administrative appeals, suggest that plaintiff was
20 prescribed Methadone and Tramadol for severe pain prior to his October 31, 2008 surgery for
21 pain to knee and right shoulder, and shortly after, on November 8, 2008, by Dr. Moghaddam,
22 when plaintiff presented with severe pain, inflammation and swelling. (Dkt. No. 1 at 5, 8.)
23 However, after surgery, in March of 2009, the surgeon, Dr. Casey, ordered Motrin for plaintiff's
24 pain. (Dkt. No. 1 at 29; 33.) Thus, although plaintiff alleges that defendant Nangalama
25 discontinued plaintiff's Tramadol prescription on March 6, 2009, "for no apparent medical
26 reason," the record reflects defendant Nangalama's decision was supported by the surgeon, and

thus this claim also rests on a difference of opinion between plaintiff and defendant Nangalama. Moreover, plaintiff concedes that defendant Nangalama continues to prescribe plaintiff Methadone, as well as "other lesser effective medications." (Dkt. No. 1 at 9.) This medical treatment, without more, does not evidence deliberate indifference under the Eighth Amendment.

However, plaintiff may be able to state a cognizable civil rights claim against defendant Nangalama if plaintiff can allege facts demonstrating that plaintiff has presented to defendant Nangalama in severe pain, even with the Methadone and other pain prescriptions, yet defendant Nangalama was deliberately indifferent to plaintiff's severe pain. Plaintiff must demonstrate, however, that there was a serious medical need, and that defendant Nangalama acted, or failed to act, with a culpable state of mind, rather than based on plaintiff's medical condition.

Third, as to defendant Ma, plaintiff fails to allege facts rising to the level of deliberate indifference. Plaintiff alleges that on September 24, 2009, he presented at B-Facility medical for "continual right knee pain" and defendant Ma "elected to have plaintiff rescheduled for a later doctor's visit without so much as ordering an aspirin." (Dkt. No. 1 at 7.) This one allegation, without more, is insufficient to demonstrate defendant Ma acted with a culpable state of mind. Moreover, plaintiff failed to allege how long a delay he suffered between September 24, 2009, and the next doctor's visit, and failed to demonstrate that he was harmed by any such delay. As presently alleged, it appears that defendant Ma's failure to treat plaintiff on September 24, 2009, was negligent, which does not constitute an Eighth Amendment violation. <u>Broughton</u>, 622 F.2d at 460.

Fourth, plaintiff claims he seeks unspecified injunctive relief. (Dkt. No. 1 at 3.) The instant complaint addresses medical treatment provided at California State Prison-Sacramento (CSP-SAC). On January 19, 2012, plaintiff filed a notice of change of address indicating that he is now housed at North Kern State Prison in Delano, California.

////

When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. See Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (same); Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995). Accordingly, any request for injunctive relief is now moot because plaintiff is no longer housed at CSP-SAC, and plaintiff should not renew such a request in any amended complaint.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiffs claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

////

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

////
////
////

1  Failure to file an amended complaint in accordance with this order may result in the dismissal of
2  this action.
3  DATED: May 22, 2012

```
                                         _____
                                         KENDALL J. NEWMAN
                                         UNITED STATES MAGISTRATE JUDGE
```

abne0867.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL ABNER,

        Plaintiff,               No. 2:11-cv-0869 KJN P

    vs.

A. NANGALAMA, et al.,        NOTICE OF AMENDMENT

        Defendants.

_____/

        Plaintiff hereby submits the following document in compliance with the court's order filed _____:

        _____      Amended Complaint

DATED:

                                         _____
                                         Plaintiff